(8 Misc. Rep. 458.)

### ROLAND v. PINCKNEY.

(Superior Court of New York City, General Term. May 9, 1894.)

DEED—ORIGINAL AND COUNTERPART—PRESUMPTION.

It not being customary in New York to execute an indenture in parts, the execution of an agreement under seal by one of the parties named therein does not raise a presumption that a counterpart was executed by the other party.

Appeal from jury term.

Action by Peter F. Roland, as assignee of Christian E. Soelkey, against Kate Emma Pinckney, as executrix of the will of Stephen R. Pinckney, deceased, on an alleged written agreement. The complaint was dismissed, and plaintiff appeals. Reversed.

The following is a copy of the alleged agreement:

Agreement made this twenty-third day of September, eighteen hundred and eighty, between Christian E. Soelkey, of the city of Baltimore, state of Maryland, party of the first part, and Stephen R. Pinckney, of the city of New York, party of the second part, witnesseth that the party of the first part is the sole owner of a patent for improvement in ventilators and cowls, and known as "Number 200,002," and that he is desirous of introducing the same into use into all the states and territories of the United States, excepting the states of Pennsylvania, Maryland, Delaware, and New Jersey. Now, in consideration of the sum of one dollar in hand paid by the party of the second part to the party of the first part, and for other valuable considerations thereto moving, the party of the first part doth grant to the party of the second part, his heirs, administrators, and assigns, the exclusive right to make, use, and sell said ventilators and cowls under said patent, and any and all improvements which the party of the first part may hereafter make or shall have letters patent granted therefor, to have and to hold said right for the full term of said original or extended patent; the party of the second part agreeing to introduce the aforesaid article into the states and territories granted as above by the party of the second part, and to dispose of and sell one thousand of said articles within the period of twelve months from the date of this agreement, and also to pay to the party of the first part a royalty of ten per cent.

of the net value in sales of said articles; return and payment of royalty on said sales to be made each three months to the party of the first part by the party of the second part.   In witness whereof, the party of the first part and the party of the second part have set their hand and seal the day and year above written.

Stephen R. Pinckney. [Seal.]

Signed in presence of witness, W. Marshall, to Stephen R. Pinckney.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

Walter I. McCoy, for appellant.
Spink & Martin, for respondent.

PER CURIAM.   With respect to the alleged agreement offered as evidence constituting proof of the existence of an agreement between Soelkey and Pinckney, it may be said that no presumption arises from it of the existence of a counterpart.   The case of Hughes v. Clark, 15 Jur. 430, to which reference was made, is not in point. Formerly, each party to an indenture executed a separate deed. That part which was executed by the grantor was called the "original," and the rest "counterparts."   It is now, however, usual for all parties to execute every part; hence a presumption arising from a usual practice to have a counterpart cannot exist here.   As the complaint sets forth an agreement under seal as that for the breach of which a recovery is sought, the learned trial judge was right in his ruling when he stated that the mutual covenants constituted the considerations on both sides, and, unless there was an agreement by Soelkey, there was no consideration for the covenants on the part of Pinckney.   The only error at the trial was in the exclusion of some of the testimony of Soelkey, as barred by Code Civ. Proc. § 829.   As the plaintiff may have been prejudiced thereby, there must be a reversal and a new trial.   Macdonald v. Woodbury, 30 Hun, 35; Rice v. Motley, 24 Hun, 143.   These cases seem to accord with the reason of the law, and we have concluded to follow them; costs to abide event.